Patrick HARRISON

vs

Rayford A MEANS J.

C.P.# 0602-01961/2 (1)

07 -1659

FILE[D]
APR 2 5 200[7]
MICHAEL E. KUNZ,
By ___ Dep[uty]

## IN FORMA PAUPERIS DECLARATION

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT:

I Patrick HARRISON, declare That I AM the Petitioner in the Above entitled case: that support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. ARE you presently employed?    Yes ☐    NO ☒

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the Name and _____

   b. If the answer is NO state the date of last employment and the amount of the salary and wages per month which you received. Villa di Roma ~~Hourly~~ 1200$ monthly 7-2604 to 10-1-04

2. Have you recieved within the past twelve months any money from any of the following source?

a. Business profession or form of self-Employment? yes ☐ no ☑
b. Rent payments, interest or dividends? yes ☐ no ☑
c. Pensions, annuities or life insurance payments? yes ☐ no ☑
d. Gifts or inneritances? yes ☐ no ☑
e. Any other sources? yes ☐ no ☑

3. Do you own cash, or do you have money in a checking or or savings account? yes ☐ no ☐

4. Do you own any real estate, stocks, bonds notes, automobiles, or other valuable property yes ☐ no ☑

5. List the persons who are dependent upon you for support, state your relationship to those person, and indicate how much you contribute toward their support. Trayquan porter, Son $55 monthly

I declare under penalty of perjury that the foregoing is true and correct.
Executed on 4-22-07

Patrick Rawson

( EXHIBIT "B" )

R02011912006
ick Harrison

Trial (Waiver) Volume 1
November 15, 2005

## Page 145

145

with Mr. Nicholson, Beckwith
indicated no and mason indicated no.

-----

(Defense counsel confers with the
defendant.)

-----

MR. NICHOLSON: Your Honor, one of
the questions My client raised, we
discussed it thoroughly, apparently
during the motion you heard from my
witness, and I think the her
testimony would be relevant as to the
conspiracy as well as to the gun
charge and the possession of the --
well, possession of the gun, the
charge with pic as well as VUFA.

THE COURT: Right.

MR. NICHOLSON: Apparently you've
made a credibility determination our
witness was not credibility. So
therefore, my client's asking for a
recusal So that he can proceed in
front of another judge with the same
witness. So we're asking for recusal

NIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

## Page 146

[1]
[2] And also ask that perhaps, if
[3] possible, if another waiver judge
[4] could be found today, that we could
[5] proceed with that.
[6]    THE COURT: All right.
[7]    MR. NICHOLSON: We would also ask
[8] for a severance because I think the
[9] other co-defendants would like to
[10] proceed, so we're asking for a
[11] severance and recusal and ask for the
[12] opportunity to have the waiver trial
[13] today.
[14]    THE COURT: Harley, can you take
[15] Beckwith and mason back in there.
[16] All right. Take mason.
[17]
[18]    (Defendants Beckwith and Mason
[19] removed from he courtroom.)
[20]
[21]    THE COURT: If you want to
[22] conclude today, how much further do
[23] you have to go?
[24]    MS. SWEENEY: Two people plus a
[25] stip to the chain of custody and

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

## Page 147

147

seizure analysis.
   THE COURT: And then we're going
to try to get to Mr. Chestnut.
   THE COURT: Mr. Chestnut is one
witness.

-----

(Discussion off the record.)

-----

   THE COURT: All right. Now, let's
go.
   So, Mr. Harrison, basically you
want to go to another forum; Right?
   DEFENDANT HARRISON: Yes, sir.
   THE COURT: So what I'll do under
the rules we have, I'll give you a
jury trial and I'll give you a jury
trial date And let the jury decide.
   THE DEFENDANT HARRISON: Okay,
Your Honor.
   THE COURT: So set this down for a
three-day jury. We'll do this on
February 27th. Base on the
information I've heard, you are
connected with the premises (bail)

NIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

## Page 148

[1]
[2] increased. Go with the sheriff.
[3]    MR. NICHOLSON: Ask for
[4] reconsideration of that determination
[5] because whether or not -- because
[6] that was always the argument of the
[7] District Attorney's office, my client
[8] was involved, he was always facing a
[9] mandatory sentence and, therefore,
[10] Your Honor basically seems like what
[11] you are doing, you are punishing
[12] him.
[13]    THE COURT: No, No, no. I heard
[14] the evidence. $250,000 cash bail.
[15] Jury trial, February 27th, in this
[16] room, three-day jury.
[17]    THE DEFENDANT HARRISON: Thank
[18] you, Your Honor.
[19]    MS. SWEENEY: February 27th I'm
[20] not here that week. I have another
[21] special assignment on --
[22]    THE COURT: ARe You going to be
[23] here February 28th? Are You going to
[24] be here March?
[25]    MS. SWEENEY: Tom Mc Gill is

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

CR02011912006
rick Harrison

Trial (Waiver) Volume
November 15, 2006

### Page 149

calling that a jury trial. I am
going to be here in March.
  THE COURT: What's the name of his
case on the 28th?
  MS. SWEENEY: Priscilla Pope.
  THE COURT: All right. March.
March. March 2nd. No. That's a
Tuesday. March 9th.
  THE TIPSTAFF: That's a Friday,
judge.
  MS. SWEENEY: March 2nd is a
Friday.
  Are you into '06 or '07?
  THE COURT: March '07. 6th.
  THE TIPSTAFF: March 6th is a
Tuesday.
  THE COURT: Are you working
March 6th?
  MS. SWEENEY: I am.
21) THE COURT: Mr. Harrison will be a
22) three-day jury on the 6th. Time
23) excludable.
  MS. SWEENEY: Thank you, judge.
  We were ready in the room to go.

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

### Page 150

[1]
[2]   THE COURT: All right. When they
[3] get secure in there, bring out mason
[4] and Beckwith.
[5]   MR. NICHOLSON: I Can be excused,
[6] sir.
[7]   THE COURT: Yes.
[8]
[9]   -----
[10]   (Mr. Nicholson left the
[11] courtroom.)
[12]   -----
[13]   THE TIPSTAFF: Not ready yet,
[14] judge.
[15]   THE COURT: Tell them take their
[16] time.
[17]   -----
[18]   (Pause)
[19]   -----
[20]   THE COURT: Back on the record.
[21]   The Last question I asked was did
[22] they sign the four-page written
[23] waiver colloquy?
[24]   THE COURT REPORTER: You didn't
[25] ask that question yet, judge.

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

### Page 151

  THE COURT: All right. I'll do it
this way.
  Mr. Beckwith, you're going to be
first now and Mr. Mason, you're going
to be second. I'm going to ask the
same question.
  How old are you?
  DEFENDANT BECKWITH: Twenty-four.
  DEFENDANT MASON: Twenty-three.
  THE COURT: How far did you go in
school?
  DEFENDANT BECKWITH: High
school diploma.
  DEFENDANT MASON: Same.
  THE COURT: Do you read, write and
understand the English language?
  DEFENDANT BECKWITH: Yes.
  DEFENDANT MASON: Yes.
  THE COURT: Are you under the
influence of Drugs or alcohol today?
  DEFENDANT BECKWITH: No.
  DEFENDANT MASON: No.
  THE COURT: Are you suffering from
any mental illness today?

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

### Page 152

[1]
[2]   DEFENDANT BECKWITH: No.
[3]   DEFENDANT MASON: Not at all.
[4]   THE COURT: Did you go over the
[5] four-page written guilty colloquy
[6] with your attorneys?
[7]   DEFENDANT BECKWITH: Yes.
[8]   DEFENDANT MASON: Yes.
[9]   THE COURT: Did your attorney
[10] explain it to you?
[11]   DEFENDANT BECKWITH: Yes.
[12]   DEFENDANT MASON: Yes.
[13]   THE COURT: Did you understand it?
[14]   DEFENDANT BECKWITH: Yes.
[15]   DEFENDANT MASON: Yes.
[16]   THE COURT: Are you Satisfied with
[17] your attorney?
[18]   DEFENDANT BECKWITH: Yes.
[19]   DEFENDANT MASON: Yes.
[20]   THE COURT: Any questions you want
[21] to ask your attorney?
[22]   DEFENDANT BECKWITH: No.
[23]   DEFENDANT MASON: No.
[24]   THE COURT: Has Anyone threatened
[25] you, promised you, forced you to get

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

Exhibit C

Page 193

[1] 193
[2] also analyzed and found to be 6.467
[3] grams of crack cocaine. The 15 clear
[4] Ziploc packets were submitted. One
[5] was analyzed an found to be .75 grams
[6] of marijuana, a Schedule II
[7] controlled substance. The total net
[8] amount of the marijuana in this case
[9] is less than 30 grams. The four
[10] clear Ziplocs and black -- I'm
[11] sorry -- clear and black Ziploc
[12] packets containing chunks were
[13] submitted. One was analyzed and
[14] found to be 78 milligrams of crack
[15] cocaine, Schedule II, controlled
[16] substance. On all of the items
[17] submitted on that property receipt
[18] the total amount of the cocaine was
[19] less than ten grams.
[20] **MR. SANTAGUIDA:** Is that it?
[21] **MS. SWEENEY:** I believe -- I think
[22] so.
[23] **MR. SANTAGUIDA:** All right.
[24] **MS. SWEENEY:** I believe that's it,
[25] Your Honor. That is it. So I would

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

Page 194

[1] 194
[2] move all of the exhibit into -- oh,
[3] I'm sorry. I also have the certified
[4] under seal State Police forms that
[5] show that neither Mr. Beckwith nor
[6] Mr. Mason were licensed to carry a
[7] firearm on the date of this incident,
[8] and I would mark Mr. Mason's as
[9] C-19 --
[10] **THE COURT:** That would also apply
[11] to Harrison?
[12] **MS. SWEENEY:** Yes, I have one for
[13] him, Your Honor.
[14] **MS. DAVIS:** I object to that.
[15] They're not charged with --
[16] **THE COURT:** Put this on the
[17] record, that during the course of
[18] Harrison's jury trial If he tries to
[19] race an issue to the jury that the
[20] Commonwealth is making up evidence on
[21] him because they didn't introduce it
[22] and move it in at the trial of
[23] Beckwith and mason, you can go out,
[24] if that's what he's going to try to
[25] do. He's going to Try to say you

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

Page 195

[1] 195
[2] didn't have everything on him and Now
[3] you put it on these guys, now you're
[4] trying to take it off these guys and
[5] put it on him. Trust me. That's
[6] what the angle is going to be.
[7] I want it in the record. I'll
[8] sustain the objection. I want you to
[9] make a record so When you say to the
[10] jury only reason why it couldn't come
[11] in, because there was an objection by
[12] counsel the judge agreed with, we
[13] would have put it in, we're not
[14] making um anything, we're not putting
[15] anything on Harrison at this time.
[16] **MS. SWEENEY:** Yes, sir. In light
[17] of that, Your Honor in light of that
[18] ruling, I have no additional
[19] information. I would move all the
[20] exhibits in and I would rest.
[21] (Commonwealth Exhibits admitted
[22] into evidence.)
[23] -----
[24] **THE COURT:** Defense.
[25] **MR. SANTAGUIDA:** On behalf of

SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

Page 196

[1] 196
[2] defendant Mr. Beckwith, we would move
[3] for our exhibits and we would rest.
[4] **MS. SWEENEY:** I have no
[5] objection.
[6] 
[7] (Defendant Beckwith exhibits
[8] admitted into evidence.)
[9] -----
[10] **THE COURT:** You have to let
[11] Mr Beckwith fill out the colloquy
[12] for me. And this says that no one
[13] has threatened.
[14] **MS. DAVIS:** Take a minute to
[15] explain it.
[16] -----
[17] (Defense counsel confer with the
[18] defendants.)
[19] -----
[20] **MR. SANTAGUIDA:** We're ready,
[21] judge.
[22] **THE COURT:** All right.
[23] Mr. Beckwith and Mr. Mason, I want
[24] to ask you some questions. Your
[25] attorney, Mr. Beckwith, has indicated

BONNIE SMITH, RPR, OFFICIAL COURT REPORTER (215-683-8045)

PATRICK HARRISON
(Plaintiff)

VS

JUDGE BAYFORD A MEANS
(Defendant)

07 -1659
CP#0602-0196 1/2

RECEIVED
APR 25 2007

## COMPLAINTS

To whom It may concern My Name Is Patrick Harrison, Complaint Is About The Above mentioned Judge. I am Currently Housed At the curran Fromhold correctional facility 7901 STATE ROAD, Phila, Pa 19136 ON A bail Status Placed on me by Judge Means In The Amount of 10% of 250,000 which WAS placed on me at my motion to suppress Evidence.

1. After My Motion I Asked For a recusal ("See Exhibit B") Thats when my bail got Increased from 10% of 25,000 to 10% 250,000 For No reason but my legitimate Request for a recusal

2. I have No New Charges And, I have Not missed A Court date Nothing To Support My Bail Being Increased.

3. The commonwealth Never requested a bail Increase. (See Exhibit B)

4. I believe that my constitutional Rights have been violated due to The fact of the bail Increase which makes It excessive and unnecessary.

5. My Trial was supposed to begin on March 6, but The Judge spitefully pushed It back to Aug 6, 2007 to make me lose my witnesses I have willing to testify on my behalf, and Help My case but I am dou...

The advantage because Their witnesses Are The police.
6. My Arrest date was April 6,05 The day my bail was paid was March 6,06 Never failed to appear No New charges were added
7. Judge MEANS HAS Said Things that gives the commonwealth More Advantages ("see Exhibit C") As To what I Am going to say To the Jury.

THE Relief I Am seeking is For my bail To be reinstated o at the very least I be given House Arrest To be able To gather witnesses, And Help build my case please review all of my Transcripts From my Motion to suppress Hearing.
"THE Will OF THE People Stands In place of a Reason"

I verify under penalty of perjury that the foregoing is true and correct.

Executed on 4-23-07

Patrick Kanison